Ervington Sinclair **MITCHELL**,
Petitioner,

v.

Alberto **GONZALES**, Attorney
General, Respondent.

No. 06–0511–ag.

United States Court of Appeals,
Second Circuit.

May 3, 2007.

Nita Dobroshi, Law Offices of Spar & Bernstein, P.C., New York, NY, for Petitioner.

Melissa A. Swauger, Assistant United States Attorney (United States Attorney Thomas A. Marino, of counsel), United States Attorney's Office for the Middle District of Pennsylvania, Harrisburg, PA, for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK, Circuit Judges, Hon. RICHARD MILLS,* District Judge.

## SUMMARY ORDER

We assume the parties' familiarity with the underlying facts and procedural history of the case.

Petitioner Ervington Sinclair Mitchell challenges the BIA's dismissal of his appeal from the decision of an Immigration Judge (Alan L. Page, *Immigration Judge*) denying Mitchell's application for cancellation of removal under Section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. 1229b(a). *In re Ervington Sinclair Mitchell*, No. A39 746 010 (B.I.A. Jan. 10, 2006), *aff'g In re Ervington Sinclair Mitchell*, No. A39 746 010 (Immig. Ct. N.Y. City Sept. 9, 2005). We lack "jurisdiction to review ... any judgment regarding the granting of relief under ... [8 U.S.C. § ] 1229b." 8 U.S.C. § 1252(a)(2)(B)(i). The IJ's decision to deny cancellation of removal in this case was such a judgment. *See, e.g., Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir.2006).

Although we would have jurisdiction to consider a challenge to the constitutionality of the BIA's decision, *see* 8 U.S.C. § 1252(a)(2)(D), Mitchell's contention that he was deprived of "due process," on the theory that the IJ and the BIA did not properly weigh the equities in his case, amounts to no more than a challenge to the merits of the IJ's discretionary decision that Mitchell should not be granted relief. Notwithstanding 8 U.S.C. § 1252(a)(2)(D), "we remain deprived of jurisdiction to review decisions under the INA when the petition for review essentially disputes the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion and raises neither a constitutional claim nor a question of law." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir.2006).

For the foregoing reasons, the petition to review the decision of the BIA is hereby DISMISSED. The pending motion for a stay of deportation is DENIED as moot.

* The Honorable Richard Mills, of the United States District Court for the Central District of Illinois, sitting by designation.